UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:11-CR-00042-BR
NO. 4:12-CV-242-BR

JAMES ALBERT BRYANT, )
    Petitioner, )
     )
v. )
     ) ORDER
     )
     )
UNITED STATES OF AMERICA, )
    Respondent. )

    This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

    On 5 July 2011, pursuant to a plea agreement, petitioner pled guilty to possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). On 31 October 2011, petitioner was sentenced to a term of 46 months imprisonment. Petitioner did not appeal. He timely filed the instant motion on 24 October 2012.

    Petitioner claims that he is entitled to relief based on the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because he has never been imprisoned on his prior state convictions for more than one year and is therefore not a felon for purposes of 18 U.S.C. § 922(g)(1). (Pet., DE # 39, at 4; Mem., DE # 39-1, at 5-6.) Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for anyone "who has been convicted in any court of [] a crime

punishable by imprisonment for a term exceeding one year," to possess in or affecting commerce any firearm or ammunition. To determine whether a prior conviction was for a crime punishable by imprisonment for more than one year, "'the actual sentence imposed is irrelevant.'" Hazel v. United States, No. 2:05-cr-0722, 2012 WL 2357663, at *2 (D.S.C. June 20, 2012) (unpublished) (quoting United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (unpublished)). Rather, the court must examine whether the specific defendant could have received a sentence of greater than one year imprisonment, considering his criminal history and the nature of the offense. Simmons, 649 F.3d at 243-44.

Petitioner has at least one prior conviction which meets this definition. In December 2003, petitioner was convicted in North Carolina state court of assault inflicting serious bodily injury and felonious restraint.[1] (PSR ¶ 5, DE # 24.) These offenses are Class F felonies under North Carolina law. N.C. Gen. Stat. §§ 14-32.2(a), 14-43.3. For a Class F felony, assuming petitioner had no prior record and mitigating factors were present, the minimum range of imprisonment petitioner could have received is 10 to 13 months. See id. § 15A-1340.17(c) (1997) (setting forth mitigated range of minimum term of imprisonment for a defendant with a prior record level I). Because petitioner was subject to a term of imprisonment in excess of one year, his prior state conviction qualifies as a felony for purposes of 18 U.S.C. § 922(g)(1), and he is not entitled to relief under Simmons.

To the extent petitioner could be deemed to argue that the calculation of his criminal history points in the PSR is incorrect based on Simmons, (see Mem., DE # 39-1, at 2-3), he is not entitled to relief. A defendant's criminal history category is based on points assigned for "prior

---

[1] Petitioner did not object to the facts relevant to any prior conviction. (See PSR, Addend., DE # 24, at 14.)

2

Case 4:11-cr-00042-BR   Document 40   Filed 11/21/12   Page 2 of 4

sentences" as that term is used in U.S.S.G. §§ 4A1.1 and 4A1.2 (2010). None of the points which petitioner was assigned were based on any prior sentence of imprisonment exceeding more than one year. (See PSR ¶¶ 5, 8-10 (points assigned only for prior sentences of imprisonment of at least 60 days under U.S.S.G. § 4A1.1(b) and for other prior sentences under U.S.S.G. § 4A1.1(c).) Thus, Simmons is not implicated.

Finally, to the extent petitioner challenges the four-point enhancement to his offense level under U.S.S.G. § 2K2.1(b)(6) because the enhancement was not part of his plea agreement and/or because he was also convicted of an offense under 18 U.S.C. § 924(c),[2] (see Pet., DE # 39, at 4; Mem., DE # 39-1, at 2-3), this challenge is meritless. Petitioner was not charged with a violation of § 924(c). He was charged with, and convicted only of, a violation of § 922(g)(1). A guideline sentencing enhancement, such as one under § 2K2.1(b)(6), need not be charged in the indictment or recited in the plea requirement. See Lincoln v. United States, No. 4:03-751-TLW, 2010 WL 1052831 (D.S.C. Mar. 19, 2010) (rejecting habeas petitioner's contention that a sentencing enhancement for acting as a supervisor or manager must be included in either the plea agreement or the indictment). Additionally, it is true that where a defendant is convicted of a § 924(c) offense in addition to a § 922(g) offense, the enhancement under § 2K2.1(b)(6) may not be applied. U.S.S.G. § 2K2.4 n.4 (2010). However, here, petitioner was not convicted of any § 924(c) offense. He was convicted only of a § 922(g) offense, so the court could apply the § 2K2.1(b)(6) enhancement.

Because petitioner is not entitled to relief on any ground he asserts, the § 2255 petition is DISMISSED.

---

[2]This statute prohibits a person from using or carrying a firearm in relation to a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c).

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 21 November 2012.

                                          W. Earl Britt
                                          Senior U.S. District Judge